Dear Representative Hammett:
On behalf of the Tensas Parish Police Jury (the "Police Jury"), you requested the opinion of this office concerning a proposed loan by the Police Jury for economic development purposes. After we received the opinion request, this office was verbally advised by the Police Jury that it was not going to pursue the loan described in your opinion request but rather they needed a general opinion on their ability to loan, directly or through the creation of a non-profit corporation, sales tax proceeds dedicated for "any lawful purpose for which the parish may expend public funds to encourage and assist in the location, development, or expansion of industrial, manufacturing, commercial professional businesses or concerns, for scientific or education programs in the parish."
La. Const. Art. VI, Sec. 21 provides as follows:
 (A) In order to (1) induce and encourage the location of or addition to industrial enterprises therein which would have economic impact upon the area and thereby the state, (2) provide for the establishment and furnishing of such industrial plant, or (3) provide movable or immovable property, or both, for pollution control facilities, the legislature by law may authorize, subject to restrictions it may impose, any political subdivision . . . to
 (a) issue bonds, subject to approval by the State Bond Commission or its successor, and use the funds derived from the sale of the bonds to acquire and improve industrial plant sites and other property necessary to the purposes thereof;
 (b) acquire, through purchase, donation, exchange, and (subject to Article I, Section 4) expropriation, and improve industrial plant buildings and industrial plant equipment, machinery, furnishings, and appurtenances; and
 (c) sell, lease, lease-purchase, or demolish all or any part of the foregoing.
La. Const. Art. VII, Sec. 14, with certain exceptions, prohibits any political subdivision, including the Police Jury, from making loans, pledges or donations of the funds, credit, property or things of value of the state or of any political subdivision. Although La. Const. Art. VII, Sec. 14(B) provides certain exceptions to this rule, those exceptions do not apply to the situation presented.
In Op.Atty.Gen. 91-0651, this office summarized the principles of interpretation of this constitutional provision as follows:
 (1) Any expenditure of public funds or alienation or use of any public things of value must be mandated by a legal obligation which obliges such use for a definite and lawful public purpose.
 (2) The predicate legal obligation may be created by any normative source of law, which has coercive and binding effect. These include the constitution, statutes, ordinances which are law rather than enabling acts, home rule charters, corporate articles of incorporation, and contracts which are validly authorized by an independent source of law.
 (3) If the public purpose for the use, alienation or expenditure is legally obligatory upon the public body or officer, or in some cases the recipient, the actions taken — the means for the public purpose sought — must also be lawful.
 (4) A statute, ordinance, home rule charter, articles of incorporation or other source of a legal obligation which dedicates the use of public property to a specific public purpose creates a presumption that such use or transfer serves a public benefit proportionate to the cost.
 (5) Where the legal obligation arises from a discretionary power or duty expressed in a contract, such as in the police power, the public benefit and its proportionality are not presumed but must be shown.
 (6) An ultra vires statute, ordinance, contract, etc. creates no legal obligation under Art. VII, § 14.
 (7) The public purpose for the alienation, use or transfer of public things of value must be mandated by a legal obligation or duty and must be accomplished or facilitated by actions which are a lawful or authorized means to the realization or achievement of that public purpose.
Our position in this regard is consistent with City of Port Allen v.Municipal Risk Agency, Inc., 439 So.2d 399 (La. 1983), which interpreted Art. VII, Sec. 14. Therein the Louisiana Supreme Court ruled this constitutional provision is violated whenever the state or a political subdivision seeks to give up something of value when it is under no legal obligation to do so. In that case, the Court stated: ". . . even if political subdivisions cooperate for a public purpose, they still may not give away their assets to other political subdivisions, the United States government or public or private associations or corporations, or to individuals merely for a `public purpose'".
This office is unaware of any provision of law that would obligate or authorize utilization of funds entrusted to the Parish for a loan to a businessman leasing property in an economic development park. In accord, Op.Atty.Gen. Nos. 01-228, 00-291, 00-34. Nor are we aware of any provision of law that would obligate or authorize the Parish to create an economic development corporation to do something that the Parish is prohibited from doing in its own name.
Op.Atty.Gen. 95-141 found that the Parish of Caddo could enter into a cooperative endeavor agreement with the Biomedical Research Foundation, a non-profit corporation. That opinion may be distinguished from the Tensas Parish situation in that the Caddo tax proposition specifically mentioned the Foundation as a recipient of tax proceeds.
Please note that this opinion is not an indication of our disapproval of the Parish's efforts to improve the economy and environs of the Parish. On the contrary, this office is supportive of all parochial improvement and economic development projects. However, we note that the worthiness of the contemplated use of public funds is immaterial to the constitutionality of a transfer of public funds. See. James v. RapidesParish Police Jury, 113 So.2d 88 (La.App. 2nd Cir., 1959), which interpreted a constitutional provision almost identical to the present Art. VII, Sec. 14.
Trusting this adequately responds to your request, we remain
Very truly yours,
RICHARD P. IEYOUB
Attorney General
 By: ________________________________ MARTHA S. HESS Assistant Attorney General
RPI/MSH
DATE RELEASED: July 25, 2003